# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ANHTONY SCOCOZZO,

      Petitioner,

v.                                            Case No. 3:23-cv-1007-TJC-JBT

SCOTT RHODEN,

      Respondent.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, Anthony Scocozzo, a pretrial detainee at the Baker County Pretrial Detention Facility, initiated this case by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Petitioner is in pretrial custody for a pending state court criminal case in which the state of Florida is prosecuting Petitioner for two counts of aggravated stalking, written threats, and resisting officer without violence in State v. Scocozzo, No. 02-2022-CF-000069 (Fla. 8th Cir. Ct.).[1]

Petitioner challenges the revocation of his bond or pretrial release. See Doc. 1. In support of his challenge, he raises four arguments. First, he argues

---

[1] The Court takes judicial notice of Petitioner's state court criminal docket. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'").

the trial court improperly revoked his bond without making a probable cause determination. Id. at 6. Second, he claims the state never argued or proved a need for his pretrial detention under § 907.041, Florida Statutes. Id. Third, even assuming he violated his pretrial release, he asserts his violation of his no-contact condition of his pretrial release was not willful or substantial enough to support the revocation of his bond. Id. And fourth, he argues the no-contact pretrial release condition under § 903.047, Florida Statutes, is a facially unconstitutional restraint on his protected speech. Id. at 7. As relief, Petitioner requests that the Court order his release from pretrial detention or reinstate his bond without house arrest. Id.

Under the purview of Younger v. Harris, 401 U.S. 37 (1971), the Court must refrain from addressing Petitioner's claims. Under Younger, a federal court should abstain from exercising jurisdiction when "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." Turner v. Broward Sheriff's Off.,

542 F. App'x 764, 766 (11th Cir. 2013).[2] There are "three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022). "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977)); see also Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004) ("[T]he [Younger] doctrine usually applies in cases involving criminal prosecution or the criminal justice system.").

Here, Petitioner has an ongoing state criminal prosecution; thus, the Court must dismiss the Petition unless Petitioner can demonstrate one of the "three narrow exceptions" to the Younger doctrine. See Lewis v. Broward Cnty. Sheriff's Off., No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021)

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

("Because Lewis was involved in ongoing state court proceedings, and his § 2241 petitions concerned the lawfulness of those proceedings and his continued detention pursuant to those proceedings, the Younger abstention doctrine precluded federal interference, absent extraordinary circumstance."). Petitioner alleges none of the three exceptions to the Younger doctrine, and the Court's review of the Petition and his state court docket confirm that no exception exists. The Court also notes that the relief requested by Petitioner would, by implication, require the Court to second-guess a state court's determination to revoke Petitioner's bond. The Court will not interfere with the state trial court's interpretation of state law, and thus, this case is due to be dismissed. If Petitioner wishes to pursue this issue in state court, he should confer with his court-appointed attorney or voice his concerns with the state court at the next scheduled pretrial status hearing.

It is, therefore,

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Anthony Scocozzo

5